UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **LATANGA DELAINE AUSTIN,**       ] | |
| ] | |
| Plaintiff,       ] | |
| ] | |
| vs.       ] | CV 09-J-2315-S |
| ] | |
| **MICHAEL J. ASTRUE,**       ] | |
| **Commissioner of the Social**       ] | |
| **Security Administration**,       ] | |
| ] | |
| Defendant. | |

### MEMORANDUM OPINION

This matter is before the court on the record and the briefs of the parties. The court has jurisdiction pursuant to 42 U.S.C. § 405. The plaintiff is seeking reversal and remand of the final decision of the Commissioner. All administrative remedies have been exhausted.

The plaintiff applied for Supplemental Security Income most recently on January 12, 2007, alleging she is disabled due to a stroke, vision problems, and problems walking (R. 76, 81). The application was denied by an Administrative Law Judge on June 3, 2009 (R. 18-26). The ALJ's determination became the final decision when the Appeals Council denied the plaintiff's request for review (R. 1-3).

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether the correct legal standards were applied. *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983). The court has carefully reviewed the entire record in this case and is of the opinion that the

Commissioner's decision is supported by substantial evidence and that the proper legal standards were applied in reaching that decision.

The plaintiff argues that the ALJ failed to properly consider the plaintiff's claim under Listing 12.07 for somatoform disorders. Plaintiff's memorandum, at 9. To meet that listing, the plaintiff must satisfy the criteria of sections A and B, asset forth. The plaintiff argues, and the court agrees, that the plaintiff satisfies the requirements for part A of Listing 12.07. However, there is no evidence in the record that the plaintiff met the part B of that listing, which requires evidence of two of the following: marked limitations in activities of daily living, marked limitations in maintaining social functioning, marked difficulties in maintaining concentration, persistence, or pace, or repeated episodes of decompensation, each of extended duration. Even Dr. Gordon, who found the plaintiff completely credible, placed the plaintiff's Global Assessment of Functioning score at 55 (R. 164), indicative of Dr. Gordon's belief that the plaintiff's limitations were no more than moderate. See Diagnostic and Statistical Manual of Mental Disorders, 4th Ed. (Washington D.C., American Psychiatric Asso. 1994) at 34.

Given the evidence presented to the ALJ and this court, the court cannot conclude the decision of the ALJ was against the weight of the evidence. Accordingly, the decision of the Commissioner must be affirmed.

Done, this 14th day of June, 2010.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE